IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JOE MORRISETTE, et al.,** )  )  **Plaintiffs,** )  )  v. )  )  **NOVASTAR HOME MORTGAGE, INC.,** )  **et al.,** )  )  **Defendants.** ) | CIVIL ACTION 05-0578-WS-B |

**ORDER**

This matter is before the Court on the motion of defendant NovaStar Home Mortgage, Inc. ("NovaStar") to dismiss, (Doc. 27), and on the plaintiffs' motion for leave to file a second amended complaint. (Doc. 34). NovaStar has filed a brief in opposition to the motion to amend, (Doc. 38), and the motion to amend is the plaintiffs' response to the motion to dismiss.

NovaStar moved to dismiss the first amended complaint as to it in toto because, although it was named in the caption of the complaint, the body of the complaint identified the defendant as "NovaStar Mortgage, Inc.," an apparently separate entity. NovaStar moved to dismiss the first amended complaint with respect to its counts for violation of Section 8(a) of the Real Estate Settlement Procedures Act ("RESPA), negligence, fraud, unjust enrichment and breach of contract on various grounds.

In response, the proposed second amended complaint accurately identifies the defendant as NovaStar, eliminates the claim under Section 8(a) of RESPA, and expressly limits the ad damnum clauses of the state-law claims to co-defendants Swafford Settlement Services, Inc. ("Swafford") and/or TransNation Title Insurance Company.

NovaStar expresses three objections to the proposed amended complaint: (1) that the claims it removes should have been dropped four weeks earlier, because plaintiffs'

counsel knew from developments in a similar case that NovaStar would challenge the first amended complaint; (2) the plaintiffs purport not to "abandon these causes of action" that their second amended complaint omits; and (3) the proposed fraud claim is ambiguous as to its treatment of NovaStar.  On these bases, NovaStar consents to the proposed amended complaint only if the eliminated claims are denoted as "dismissed with prejudice."

In the absence of circumstances not present here, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  Under this rule, "district courts should generously allow amendments ...."  *Williams v. Board of Regents*, 2007 WL 431047 at *5 n.6 (11th Cir. 2007).  NovaStar does not argue that the generous sentiment of Rule 15(a) should not apply here; it argues only for a dismissal with prejudice.  The Court, however, can discern no reason for such a condition.

NovaStar justifies its demand by equating the amended complaint with a voluntary dismissal of the removed claims, but such dismissals are ordinarily without prejudice, not with prejudice.  Fed. R. Civ. P. 41(a)(2).  This is so even when the plaintiff delays dismissal until faced with a fully briefed, meritorious motion on the merits.  "Under our circuit precedent, delay alone, in the absence of bad faith, is insufficient to justify a dismissal with prejudice, even where a fully briefed summary judgment motion is pending."  *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1258-59 (11th Cir. 2001).  NovaStar has not alleged bad faith.

By failing to "abandon" the omitted claims, the plaintiffs do nothing more than express the natural effect of a voluntary dismissal without prejudice.  Of course, the deleted claims cannot unilaterally be reinserted in this action, and to satisfy their obligations under Federal Rule of Civil Procedure 11, before seeking reinstatement plaintiffs' counsel will have to come to grips with the points made in NovaStar's motion to dismiss.

With respect to the fraud claim, Count III twice refers generally to "the

Defendants," but the ad damnum clause is directed exclusively against Swafford.  The Court thus construes the claim as asserted only against Swafford.  Absent a successful motion to amend, an amendment to conform to the evidence, Fed. R. Civ. P. 15(b), or injection through the proposed pretrial document, *id*. 16(d), no fraud claim against NovaStar will be recognized by the Court.

For the reasons set forth above, the plaintiffs' motion for leave to file a second amended complaint is **granted** and NovaStar's motion to dismiss is **denied as moot**.  The Clerk is directed to docket the proposed second amended complaint attached as an exhibit to the motion for leave to file.

DONE and ORDERED this 13th day of February, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE