IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JOE MORRISETTE, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | CIVIL ACTION 06-0578-WS-B |
| ) | |
| **NOVASTAR HOME MORTGAGE, INC.,**) | |
| **et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

This matter is before the Court on the motion of defendant NovaStar Home Mortgage, Inc. ("NovaStar") for an extension of time to respond to the complaint. (Doc. 50). The motion is unopposed by the plaintiffs. (*Id*.). The motion seeks an extension to April 2, 2007 within which to answer.

The complaint was filed on September 20, 2006 and served on NovaStar five days later. (Docs. 1, 6). NovaStar's response to the complaint was thus due on October 16, 2006. On that date, NovaStar filed an unopposed motion for a four-week extension of time, to November 13, 2006, based on the representation that "[i]t is hoped that this extension will allow some opportunity to resolve this action before additional fees, costs, and expenses are incurred." (Doc. 7). Even though Magistrate Judge Bivins did not rule on the motion, NovaStar failed to respond to the complaint.

On October 30, 2006, the plaintiff filed a motion for leave to file an amended complaint. (Doc. 17).[1] NovaStar did not respond to this motion but, two weeks after it was filed, moved for an extension of time to respond to the complaint (or amended complaint, should leave to amend be granted) until 20 days after such ruling. (Doc. 18).

---

[1] Leave of court was required by Federal Rule of Civil Procedure 15(a), because other defendants had answered. (Docs. 8, 9).

NovaStar sought this extension even though it did not oppose the amendment and even though it had been served with the amended complaint on October 30.  Judge Bivins granted NovaStar's motion, (Doc. 21), and the plaintiff's motion for leave to amend was deemed granted as of November 21, 2006, due to the defendants' failure to file any objection.  (*Id.*).  NovaStar's response was thus due on December 11, 2006.

On December 8, 2006, NovaStar filed a motion to dismiss.  (Doc. 27).  Its only ground for dismissal of the entire amended complaint against it was the amended complaint's usage in the body (but not the style) of the name "NovaStar Mortgage, Inc.," an apparently separate entity.  This error had been known to NovaStar since it was served with the original complaint on September 25, and it was obvious both from the style of the original complaint and the summons that the intended defendant was NovaStar *Home* Mortgage, Inc.  (Doc. 1 at 1; Doc. 2 at 1).  On December 27, 2006, the plaintiff filed a motion for leave to file a second amended complaint, the granting of which would moot NovaStar's motion to dismiss by correcting its name and by eliminating the claims against it to which the motion to dismiss was addressed.  (Doc. 34).  NovaStar did not deny that this would be the result of the second amended complaint, but it nevertheless opposed the amendment unless the Court were to declare the omitted claims dismissed with prejudice.  (Doc. 38).  On February 13, 2006, the Court granted the motion for leave to amend and denied the motion to dismiss.  (Doc. 46).[2]  NovaStar's responsive pleading was thus due on February 27, 2006.  Fed. R. Civ. P. 15(a).

NovaStar did not file a responsive pleading or any other document by this deadline.  Instead, two days after the deadline passed, NovaStar filed the pending motion, seeking yet another month within which to respond.  NovaStar justifies its motion with the familiar language that "[i]t is hoped that this extension will allow some opportunity to resolve this action before additional fees, costs, and expenses are incurred."  (Doc. 50).

---

[2]On December 18, 2006, the action had been transferred from Judge Bivins due to the parties' failure to consent to her exercise of jurisdiction.  (Doc. 32).

It has now been more than five months since NovaStar was served with the complaint.  While the complaint has changed somewhat from its original iteration, the two counts still alleged against NovaStar appear unaltered from September 2006.  Since the only ground NovaStar advanced for dismissing these two claims was the specious one concerning reference to a similarly named entity, NovaStar has known for that entire five-month period that it must submit an answer to these allegations.  NovaStar does not assert, and could not assert credibly, that it is unable to prepare an answer in such an extraordinarily long time.

NovaStar suggests that hope remains for settlement of the plaintiffs' claims.  The Court of course encourages amicable compromises of disputed claims, but the parties' desire to exhaust all possibilities of settlement before incurring litigation costs does not and cannot trump the responsibility of the Court to ensure the orderly progression of cases on its docket.  The judicial process would be unacceptably paralyzed could the parties' vague and prolonged invocations of settlement possibility grind the process to a halt.  Settlement negotiations and litigation are simultaneous, not sequential, tracks.[3]

For the reasons set forth above, NovaStar's motion for extension of time is **denied**.  NovaStar is **ordered** to file and serve its answer on or before **March 12, 2007**.

DONE and ORDERED this 5th day of March, 2007.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE

---

[3]Nor does NovaStar's history in this lawsuit — failing to file a responsive pleading despite receiving no such permission from Judge Bivins; seeking six weeks to respond to a first amended complaint it did not oppose; resisting a proposed second amended complaint that would eliminate all claims it challenged; and filing the pending motion after its deadline for responding had expired — instill confidence in its intention to advance the resolution of this litigation.